IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
CHARLOTTESVILLE DIVISION

| | |
|---|---|
| KIMBERLY SUE KELLY,<br>    *Plaintiff,*<br><br>           v.<br><br>FOOD LION, LLC,<br>    *Defendant.* | CASE NO. 3:11-cv-00080<br><br>MEMORANDUM OPINION<br><br>JUDGE NORMAN K. MOON |

    Plaintiff Kimberly Sue Kelly ("Plaintiff") filed her complaint in Fluvanna County Circuit Court on November 16, 2011. On December 19, 2011, Defendant Food Lion, LLC ("Defendant") timely removed the case to this Court on the basis of diversity jurisdiction. The matter is presently before the Court upon Defendant's motion for summary judgment, argued before the Court on October 4, 2012. For the following reasons, I will grant Defendant's motion.

### I. BACKGROUND

    This case arises from a trip and fall accident that took place on November 28, 2010, at a Food Lion store located in Palmyra, Virginia, in Fluvanna County. Plaintiff, who says that she shopped at that particular Food Lion very regularly—almost on a daily basis—went to the store at around 2:00 p.m. to conduct pre-holiday shopping. After checking out and paying for her groceries, Plaintiff pushed her shopping cart toward the store exit. On her way out, Plaintiff noticed a large display consisting of a wire rack holding canned vegetables and cardboard decorations on each side of the rack. The display was located in the aisle leading from the checkout area to the exit, across from the customer service desk. As she walked past the display, her foot became entangled in the foot of the wire basket, and she fell forward. Plaintiff says that

she caught herself on her cart before hitting the ground, but she twisted her leg as she fell. Plaintiff stated in her deposition that she believed she had seen this type of display before, that there was "ample lighting" at the time of the incident, and that nothing had distracted her when she caught her foot on the rack.

Plaintiff alleges that Defendant's placement of the rack negligently created a hazardous condition, and that such negligence proximately caused her to trip on the wire rack and injure her knee.  She seeks $750,000 in compensatory damages.

## II. LEGAL STANDARD

The Court should only grant summary judgment if the pleadings, the discovery and disclosure materials on file, and any affidavits show that "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).  If the evidence of a genuine issue of material fact "is merely colorable or is not significantly probative, summary judgment may be granted." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249–50 (1986) (citations omitted).  "As to materiality . . . [o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." *Id.* at 248.

In considering a motion for summary judgment under Rule 56, a court must view the record as a whole and draw all reasonable inferences in the light most favorable to the nonmoving party. *See Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 150 (2000).  If the nonmoving party bears the burden of proof, "the burden on the moving party may be discharged by 'showing' – that is, pointing out to the district court – that there is an absence of evidence to support the nonmoving party's case." *Celotex*, 477 U.S. at 325.  If the moving party shows such an absence of evidence, the burden shifts to the nonmoving party to set forth specific

facts illustrating genuine issues for trial. *See* Fed. R. Civ. P. 56(c); *Celotex*, 477 U.S. at 324. The trial court has an "affirmative obligation" to "prevent 'factually unsupported claims [or] defenses' from proceeding to trial." *Felty v. Graves-Humphreys Co.*, 818 F.2d 1126, 1128 (4th Cir. 1987) (quoting *Celotex*, 477 U.S. at 323–24).

### III. DISCUSSION

Federal courts sitting in diversity apply the substantive law of the forum state, including that state's choice of law rules. *See Salve Regina Coll. v. Russell*, 499 U.S. 225, 226 (1991) (citing *Erie R. Co. v. Tompkins*, 304 U.S. 64, 78 (1938)). For tort claims brought in Virginia, the substantive law of the place of the wrong governs the proceeding. *See Frye v. Commonwealth*, 231 Va. 370, 376, 345 S.E.2d 267, 272 (1986). Plaintiff's injury occurred in Virginia, so Virginia's law on premises liability applies.[1]

To establish actionable negligence under Virginia law, Plaintiff must show "the existence of a legal duty, a breach of that duty, and proximate causation resulting in damage." *Atrium Unit Owners Ass'n v. King*, 266 Va. 288, 293, 585 S.E.2d 545, 548 (2003). A business owes its customers a duty to exercise ordinary care for those customers when they are on the business's premises. *See Winn-Dixie Stores, Inc. v. Parker*, 240 Va. 180, 182, 396 S.E.2d 649, 650 (1990) (citing *Colonial Stores v. Pulley*, 203 Va. 535, 537, 125 S.E.2d 188, 190 (1962)). The exercise of ordinary care includes a store's obligation to remedy or warn of defects on its premises of which it has knowledge or should have knowledge, except for those defects that are "open and obvious to a reasonable person exercising ordinary care for his own safety." *Fobbs v. Webb Bldg. Ltd. Partnership*, 232 Va. 227, 229, 349 S.E.2d 355, 357 (1986).

---

[1] Although Virginia law applies to the substance of Plaintiff's claim for personal injury, "whether there is sufficient evidence to create a jury issue of those essential substantive elements of the action, as defined by state law, is controlled by federal rules." *Fitzgerald v. Manning*, 679 F.2d 341, 346 (4th Cir. 1982).

In Virginia, contributory negligence is a complete bar to recovery for injuries caused in part by the negligence of another. *See Baker v. Butterworth*, 119 Va. 402, 402, 89 S.E. 849, 849–50 (1916); *see also Flakne v. Chesapeake & Potomac Tel. Co. of Va.*, 199 Va. 31, 34, 97 S.E.2d 650, 652 (1957) ("One cannot charge another in damages for negligently injuring him when his own failure to exercise due and reasonable care was responsible for the occurrence of which he complains."). "A person who trips and falls over an open and obvious condition or defect is guilty of contributory negligence as a matter of law," *Scott v. City of Lynchburg*, 241 Va. 64, 66, 399 S.E.2d 809, 810 (1991).[2] A number of Virginia cases have found plaintiffs contributorily negligent as a matter of law when they tripped over boxes or other obstructions in store aisles. *See, e.g.*, *Tazewell Supply Company, Inc., T/A/ A-Mart v. Virginia Belle Turner*, 213 Va. 93, 94, 189 S.E.2d 347, 348 (1972); *Gottlieb v. Andrus*, 200 Va. 114, 115, 104 S.E.2d 743, 744 (1958). But "[w]hether a condition or defect is open and obvious may be, under certain circumstances, a jury issue." *Scott*, 241 Va. at 66 (citing *Crocker v. WTAR Radio Corp.*, 194 Va. 572, 74 S.E.2d 51 (1953)).

When a plaintiff is injured by an open and obvious hazard,[3] he has the burden of showing "conditions outside of himself which prevented him seeing the defect or which would excuse his failure to observe it." *City of S. Norfolk v. Dail*, 187 Va. 495, 505, 47 S.E.2d 405, 409 (1948) (quoting *Lerner v. City of Philadelphia*, 221 Pa. 294, 296, 70 A. 755, 755 (1908)). However, "more is needed than a simple allegation of a distraction to create a jury issue. It [is] necessary

---

[2] To prove contributory negligence, a defendant must show both that the plaintiff was negligent and that the plaintiff's negligence was the proximate cause of the plaintiff's injury. *Rascher v. Friend*, 279 Va. 370, 375, 689 S.E.2d 661, 664–65 (2010). "The issue whether a plaintiff is guilty of contributory negligence is ordinarily a question of fact to be decided by the fact finder. The issue becomes one of law for the [ ] court to decide only when reasonable minds could not differ about what conclusion could be drawn from the evidence." *Jenkins v. Pyle*, 269 Va. 383, 389, 611 S.E.2d 404, 407 (2005).

[3] It is the hazard created by an object, not the object itself, that must be open and obvious. *See Freeman v. Case Corp.*, 118 F.3d 1011, 1014–15 (4th Cir. 1997).

for [the] plaintiff to establish that his excuse for inattention was reasonable, i.e., that the distraction was unexpected and substantial." *West v. City of Portsmouth*, 217 Va. 734, 766, 232 S.E.2d 763, 765 (1977). "To hold otherwise would permit a plaintiff in any case to avoid contributory negligence by showing an insignificant reason for failing to be observant." *Id.*

Defendant argues that it is entitled to summary judgment because the hazard presented by the wire display rack in this case was open and obvious, and Plaintiff's injury resulted from her contributory negligence as a matter of law. The facts in this case are very similar to those in *England v. Food Lion, LLC*, No. 6:05-cv-2, 2006 WL 893839, at *1 (W.D. Va. Mar. 31, 2006), where the plaintiff "tripped over a three-tier basket" that "rests on four legs, which protrude beyond the display shelves." In *England*, the court granted summary judgment in favor of the defendant, noting that the fact that the plaintiff "was familiar with this sort of basket, knew of its existence as she stood beside it, and could have seen the legs if she had looked down places her case squarely within the territory covered by *Scott* and *Tazewell Supply Co.*" *Id.* at *2. As in *England*, Plaintiff here admitted in her deposition that she saw the wire rack and that she had seen similar displays in the past.

In addition, several other federal cases applying Virginia law support Defendant's contention that the hazard posed by the wire rack was open and obvious. *See, e.g.*, *Bishop v. Lowe's Home Ctrs., Inc.*, 32 F. App'x 687, 688–89 (4th Cir. 2002) (affirming grant of summary judgment where the evidence established "that the cart was clearly visible to an attentive customer and that [plaintiff] failed to adequately examine the floor area where the cart was located prior to tripping over the cart"); *Hall v. Food Lion, Inc.*, Nos. 90-1438, 90-1445, 1991 WL 8477, at *1 (4th Cir. Jan. 31, 1991) ("*Gottlieb* and *Tazewell* require invitees in Virginia to be on the lookout for hazards 'open and obvious' to persons exercising reasonable care for their

safety. [Plaintiff] had a duty to look down the aisle where she was about to walk so that she might avoid stumbling over an object which was open and obvious.").

Plaintiff cites *Fultz v. Delhaize America, Inc.*, 278 Va. 84, 90, 677 S.E.2d 272, 275 (2009), for the proposition that the Supreme Court of Virginia has "specifically declined to hold that, as a matter of law, a pedestrian's failure to look down while stepping forward necessarily constitutes contributory negligence in every case." In *Fultz*, the court stated that the "circumstances of each case must be considered to determine whether a pedestrian who failed to look nevertheless produced sufficient evidence to support a finding that the pedestrian exercised reasonable care for his or her safety under the circumstances. If such evidence is produced, a jury question is presented." *Id.* at 90–91 (quoting *Little Creek Inv. Corp. v. Hubbard*, 249 Va. 258, 261, 455 S.E.2d 244, 246 (1995)). *Fultz* thus precludes a court from holding that a mere failure to look down constitutes contributory negligence; however, it does not preclude a court from finding that a failure to look down could constitute contributory negligence when considered in light of all of the circumstances surrounding the incident. In this case, the evidence shows as a matter of law that the hazard was open and obvious and that Plaintiff was contributorily negligent.

Plaintiff attempts to argue that "[a]lthough the overall display consisting of the spider rack and the two dump bins was open and obvious, the protruding wire foot which was obscured by the cardboard dump bins was not." The evidence does not support such a conclusion. Plaintiff submitted as an exhibit a photograph of a rack that Plaintiff said in her deposition has the same type of footing as the rack that she tripped over. In the photograph, the wire foot clearly protrudes beyond the cardboard display and would be visible to anyone exercising reasonable care for her safety in the manner contemplated by *Bishop*, *Hall*, and the other cases

discussed above.  More significantly, in surveillance footage taken at the time of the incident, the leg of the rack is distinctly visible from the Plaintiff's vantage point.  The footage shows that Plaintiff stopped at the customer service counter directly across from the display rack.  From where she was standing, the cardboard display did not obscure the foot of the rack and was open and obvious to a person exercising reasonable care.

Given that the hazard was an open and obvious one, Plaintiff bears the burden to show that some conditions outside of herself prevented her from seeing the defect or would excuse her failure to observe it, and she cannot meet this burden.  At her deposition, Plaintiff stated that there was ample lighting when she tripped on the rack and that nothing startled her or distracted her.  Thus, I find as a matter of law that Plaintiff's contributory negligence proximately caused her to trip over the wire rack.  Plaintiff is therefore barred from recovering any damages under Virginia law, and summary judgment in favor of Defendant is proper.

## IV. CONCLUSION

For the aforementioned reasons, Defendant's motion for summary judgment shall be granted.  An appropriate order accompanies this memorandum opinion.

The Clerk of the Court is hereby directed to send a certified copy of this memorandum opinion and the accompanying order to all counsel of record.

Entered this ___2nd___ day of November, 2012.

_____
NORMAN K. MOON
UNITED STATES DISTRICT JUDGE